UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES JONES,
    Plaintiff,

vs.                                          Case No.: 3:22cv4883/LAC/ZCB

M. NICHOLS, et al.,
    Defendants.
_____/

### REPORT AND RECOMMENDATION

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. Defendants have moved to dismiss Plaintiff's official capacity claims for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 34). The Court notified Plaintiff of his opportunity to respond to Defendants' motion to dismiss and set a deadline for him to do so. (Doc. 35). That deadline has passed, and Plaintiff has not responded. For the reasons discussed below, Plaintiff has not stated a claim for relief against Defendants in their official capacities, so Defendants' motion to dismiss should be granted.

### I.    Background

Plaintiff is an inmate of the Florida Department of Corrections (FDOC). He filed a second amended complaint claiming that two nurses, Defendants Nichols and Knowles, violated his Eighth Amendment rights by failing to provide adequate medical care when he broke his right hand on August 13, 2020. (Doc. 23 at 5-10,

1

12).[1] Defendants are employees of Centurion, LLC, which is a private contractor that provides medical care for FDOC inmates. (*Id.* at 2-3). Plaintiff sued the nurses in their individual and official capacities. (*Id.*).

Plaintiff's specific factual allegations are the following. Defendant Nichols responded to Plaintiff's request for emergency treatment immediately after he injured his hand. (*Id.* at 6). Nurse Nichols provided an ice pack and a lower bunk pass but failed to provide pain medication or an immediate x-ray. (*Id.* at 6-7). Over the next three weeks, Plaintiff received two sets of x-rays, casts, an arthroscopic procedure, and a recommendation for immediate surgery, but no pain medication. (*Id.* at 6-7). Defendant Knowles attempted to give Plaintiff a 48-hour supply of Ibuprofen but then withheld it after Plaintiff complained that it was not enough. (*Id.* at 8).

Plaintiff alleges he received surgery from an "outside" surgeon on September 11, 2020, nearly one month after his initial injury. (*Id.* at 8-9). After the surgery, the surgeon prescribed Norco and Vistaril for pain and recommended physical therapy. (*Id.* at 9). Plaintiff did not receive pain medication or physical therapy. (*Id.*).

---

[1] The Court refers to the page numbers automatically assigned by the Court's electronic filing system.

On October 28, 2020, Plaintiff had a follow-up appointment with the surgeon. (Doc. 23 at 9). The surgeon made the same recommendations for pain medication and physical therapy. (*Id.*). On November 18, 2020, Defendant Nichols gave Plaintiff a "rubber wheelchair handle grip" to use for physical therapy, but she did not provide any instructions. (*Id.* at 9-10).

Plaintiff asserts Eighth Amendment claims of medical deliberate indifference against Nurse Nichols and Nurse Knowles. He claims that they should have referred him to a doctor sooner, and if they had done so, he would have been received effective pain medication and a timely referral for surgery. (Doc. 23 at 8). Plaintiff asserts that Defendants' delay in referring him to a doctor caused permanent injury to his hand. (*Id.* at 10). Plaintiff requests $1 million in compensatory and punitive damages. (*Id*. at 11).

Defendants have moved to dismiss Plaintiff's official capacity claims for failure to state a claim under Rule 12(b)(6). (Doc. 32). Plaintiff has not responded to the motion to dismiss.

## II.    Discussion

**A.    The Rule 12(b)(6) standard.**

Rule 12(b)(6) provides that a complaint should be dismissed if it fails to state a claim on which relief can be granted. When evaluating a Rule 12(b)(6) motion to dismiss, a court must accept the complaint's allegations as true and construe the facts

in the light most favorable to the plaintiff. *Davis v. Monroe Cnty. Bd. of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). To survive dismissal, "[a] plaintiff must plausibly allege all the elements of the claim for relief. Conclusory allegations and legal conclusions are not sufficient; the plaintiff[] must state a claim to relief that is plausible on its face." *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1279 (11th Cir. 2017) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The pleadings of *pro se* litigants are to be liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). "Despite the leniency afforded *pro se* plaintiffs, the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

**B.  Plaintiff has failed to state an official capacity claim against Defendant Nichols or Defendant Knowles.**

Official capacity claims are another way of pleading an action against the entity of which the individual defendant is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (cleaned up). Defendant Nichols and Defendant Knowles were employed by "Centurion, LLC" at the time of their interactions with Plaintiff and, thus, were acting as Centurion's agents. (Doc. 23 at 2-3).

To state a § 1983 claim against a governmental entity, a plaintiff must allege that the entity "is a moving force behind the deprivation . . . thus, in an official capacity suit the entity's policy or custom must have played a part in the violation of federal law." *Graham*, 473 U.S. at 166 (cleaned up).[2] In order to state a claim, a plaintiff must allege that: (1) his constitutional rights were violated; (2) there was a custom or policy that constituted deliberate indifference to that constitutional right; and (3) the policy or custom caused the violation. *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 694 (1978); *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

"A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." *Cooper v. Dillon*, 403 F.3d 1208, 1221 (11th Cir. 2005) (cleaned up). "A custom is a practice that is so settled and permanent that it takes on the force of law." *Id.* "[R]andom acts or isolated incidents are insufficient to establish a custom or policy." *Ireland v. Prummell*, 53 F.4th 1274, 1290 (11th Cir. 2022) (cleaned up).

Plaintiff's second amended complaint contains no factual information from which the Court could reasonably infer that any of the alleged constitutional

---

[2] A private entity, like Centurion, that contracts to provide medical services to inmates performs traditional state functions and, therefore, is treated as a municipality for purposes of § 1983 claims. *Roy v. Ivy*, 53 F.4th 1338, 1347 (11th Cir. 2022); *Craig v. Floyd Cnty.*, 643 F.3d 1306, 1310 (11th Cir. 2011).

deficiencies in his medical care (lack of pain medication, delayed x-ray, delayed referral to a doctor and surgeon, and delayed and inadequate physical therapy) was caused by an official policy of Centurion, a decision made by a Centurion official with final policymaking authority, or Centurion's "practice that is so settled and permanent that it takes on the force of law." *Cooper*, 403 F.3d at 1221. For these reasons, Plaintiff's claims against Defendants in their official capacities should be dismissed.

### III. Conclusion

For the reasons set forth above, it is respectfully **RECOMMENDED** that:

1. Defendants' Motion to Dismiss (Doc. 34) be **GRANTED** and Plaintiff's claims against Defendants in their official capacities be **DISMISSED with prejudice** for failure to state a claim under Rule 12(b)(6).

2. The case be returned to the undersigned for further proceedings on Plaintiff's Eighth Amendment claims against Defendants in their individual capacities.

At Pensacola, Florida this 3rd day of July 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to the proposed findings and recommendations set forth above must be filed within fourteen days of the date of this Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**